# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### (Bid Protest)

| | |
|---|---|
| Space Exploration Technologies Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>United States,<br><br>       Defendant. | No. 14-354C<br><br>(Judge Braden) |

## UNITED LAUNCH SERVICES, LLC'S
## UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the Court of Federal Claims ("RCFC"), United Launch Services, LLC ("ULS") respectfully moves to intervene as of right in the protest filed by Space Exploration Technologies Corporation ("SpaceX"). Counsel for ULS is authorized to represent that Plaintiff and Defendant do not oppose this motion.

In support of its motion, ULS states as follows:

(1) ULS is the awardee of the sole-source contract being challenged by SpaceX, and has been performing that contract since June 26, 2013. The contract, awarded by the United States Air Force under its Evolved Expendable Launch Vehicle ("EELV") program, is for the provision of services to launch National Security Space ("NSS") satellites into orbit. The contract covers EELV launch services to be ordered in fiscal years ("FY") 2013 through 2017.

(2) On January 27, 2012 — well over two years ago — the Air Force published a Justification and Approval ("J&A") for a sole-source award to ULS of contracts for (1) FY 2012

EELV launch services for NSS missions; and (2) FY 2013-2017 EELV launch services for NSS missions.[1]

(3)     The basis for the J&A was that ULS was the only responsible source capable of fulfilling the government's needs.  Prior to executing the J&A, the Air Force had sought, received, and evaluated expressions of interest from SpaceX and two other companies.  The J&A explained that the Air Force did not anticipate that another source would be capable of providing EELV launch services for NSS missions until FY 2016.

(4)     At the time of the J&A, ULS had more than 46 successful launches with its Atlas V and Delta IV vehicles, over a period of 11 years, and was fully certified to perform all NSS missions.  In contrast, SpaceX was not certified to perform any NSS missions.  It had accomplished just two launches with its Falcon 9 launch vehicle, but none in the configuration that SpaceX now seeks to have certified.

(5)     To this day, SpaceX is still not certified to perform NSS missions.

(6)     Although the J&A was published at the government-wide point of entry (www.fbo.gov), and SpaceX was thus on notice of the Air Force's approach to procuring EELV launch services for NSS missions, SpaceX did not protest the sole-source justification contained in the J&A.  It did not complain that a sole-source contract covering FY 2013 through 2017 was unnecessarily long, or that FY 2015 through 2017 launches should be competed.

(7)     Pursuant to the J&A, the Air Force issued a sole source RFP to ULS on March 23, 2012.  Because of the size and extraordinary complexity of the procurement, the Air Force and ULS then engaged in extensive negotiations lasting well over a year.  During this time, ULS

---

[1]     *Available at* https://www.fbo.gov/index?s=opportunity&mode=form&tab=core&id=360c6156488f806bb5235abad7bd9ab9.

submitted proposal documents that ran to more than 40,000 pages, and responded to more than 5,000 questions from the government. And during this time, ULS ordered long-lead items at substantial cost and risk.

(8) As a result of those negotiations, on June 26, 2013, the Air Force awarded ULS an undefinitized letter contract for FY 2013 EELV launch services, and issued a press release the same day.[2]

(9) Then, on December 18, 2013, the Air Force and ULS definitized the letter contract for EELV launch services for FY 2013 through 2017, requiring a total of 35 EELV cores for the anticipated launches. The December 18, 2013 contract action (1) definitized the June 26 letter contract; (2) ordered FY 2014 EELV launch services; and (3) established pricing and other terms for EELV launch services to be ordered through FY 2017 and launched through 2019. The Air Force posted notice of the definitized ULS contract on the government-wide point of entry.[3]

(10) SpaceX did not protest any of these contract actions.

(11) While SpaceX sat on its hands, ULS incurred extraordinary bid and proposal costs, accepted substantial risk in ordering long-lead items to maintain anticipated launch schedules, and has now been performing the contract at issue for more than 10 months.

(12) Under RCFC 24(a)(2), ULS is entitled to intervene as a matter of right. As the foregoing discussion shows, ULS is the awardee and contractor, with a vested interest in its contract. ULS is "so situated that disposing of the action may as a practical matter impair or impede [ULS's] ability to protect its interest" in its ongoing contract. RCFC 24(a)(2). No other

---

[2] *Available at* http://www.defense.gov/Contracts/Contract.aspx?ContractID=5073.

[3] *Available at* https://www.fbo.gov/index?s=opportunity&mode=form&tab=core&id=929c1db4f01042618d8c73385ba5d45f).

party can adequately represent ULS's interests.  In bid protest actions, this Court has routinely permitted the awardee or party selected for contract award to intervene.  *See, e.g., Coastal Intern. Sec., Inc. v. United States*, 93 Fed. Cl. 502 (2010).

(13)    Alternatively, the Court should exercise its discretion to permit ULS to intervene pursuant to RCFC 24(b) because ULS's defenses are based on the same questions of fact and law as the main action.  RCFC 24(b)(1)(B).  Permitting ULS to intervene will not cause delay, and will ensure that the Court has a complete and accurate picture of the facts and circumstances of this case, including the substantial and irreparable harm that ULS will suffer were the Court to grant the relief sought by SpaceX.

WHEREFORE, ULS respectfully requests that the Court grant this motion to intervene.

Respectfully submitted,

OF COUNSEL:

Thomas A. Lemmer
Steven M. Masiello
Phillip R. Seckman
Joseph G. Martinez
McKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, Colorado  80202-5556
(303) 634-4000
(303) 634-4400 (facsimile)

J. Hunter Bennett
Katherine M. John
Sandeep Nandivada
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7126
(202) 496-7756 (facsimile)

s/ Jason A. Carey
Jason A. Carey
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7711
(202) 496-7756 (facsimile)
jcarey@mckennalong.com

*Attorney of Record for*
*United Launch Services, LLC*

Dated:  April 30, 2014

-1-

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

| | |
|---|---|
| Space Exploration Technologies Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>United States,<br><br>    Defendant. | No.  14-354C<br><br>(Judge Braden) |

### **ORDER**

Pursuant to Rule 24 of the Rules of the Court of Federal Claims, United Launch Services, LLC, moved to intervene in the above referenced case.  Having considered United Launch Services, LLC's motion, and all other relevant materials, it is **ORDERED** that the Motion to Intervene is **GRANTED**.

_____
Hon. Susan G. Braden
Judge, United States Court of Federal Claims

Dated: April __, 2014