## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### (BID PROTEST)

|  |  |  |
|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP. | ) ) ) ) | Civil Action No. 14-354C |
| Plaintiff, | ) ) | Judge: Braden |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant, | ) ) |  |
| and | ) ) |  |
| UNITED LAUNCH SERVICES, LLC, | ) ) |  |
| Defendant-Intervenor. | ) ) |  |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION AND PROPOSED ORDER

Plaintiff Space Exploration Technologies Corp. ("SpaceX") respectfully submits this response to the United States' Motion for Clarification and Proposed Order.

Defendant's Proposed Order is a transparent attempt to circumvent the intent of the Court's Preliminary Injunction. The Court has prohibited Defendant and Defendant-Intervenor from "making any purchases from or payment of money to" NPO Energomash or any entity "that is subject to the control of Deputy Prime Minister Rogozin" unless and until the Court receives an opinion from the Departments of State, Commerce, and Treasury "that any such purchases or payments will not directly or indirectly contravene Executive Order 13, 661." Doc. 10 at 2 (emphasis added).

1

Defendant proposes to modify the Preliminary Injunction by stating that it "does not apply to Government purchases from or payments to" Defendant-Intervenor or its parent company, United Launch Alliance, LLC (collectively, "ULS").  In other words, Defendant asks the Court to permit the Government to continue to provide funds to Defendant-Intervenor <u>even if Defendant cannot certify that those funds will flow</u> to NPO Energomash and/or other entities that may be under the control of Deputy Prime Minister Rogozin.  In essence, Defendant seeks to continue business as usual under the EELV program—including paying monies to ULS—relieved from any obligation to ensure that those monies do not flow in violation of sanctions.

This effort to eliminate the word "indirectly" from the Court's order is particularly troubling.  Here, the money transfer, while quite clearly going in part to NPO Energomash, is not likely to be direct.  For example, an entity called RD Amross, which claims to be 50% owned by NPO Energomash, markets the RD-180 rocket engine to ULS on behalf of NPO Energomash.  It is possible that ULS purchases the Russian engines from RD Amross, which has in turn purchased or received them from NPO Energomash.  Permitting the Air Force (or ULS) to eliminate any obligation to certify that they are neither directly *or* indirectly violating Executive Order 13,661 would undermine the Court's objective to halt the transfer of money to NPO Energomash pending clarification that such money transfers do not violate EO 13,661.

In sum, SpaceX does not believe any further clarification is necessary.  If the Court nonetheless decides to clarify its Preliminary Injunction, it should reject Defendant's Proposed Order in favor of one that makes clear that both Defendant and Defendant-Intervenor cannot make any *direct or indirect* purchases from or payments *directly or indirectly* to NPO Energomash or any other Rogozin-controlled entity unless and until it gets the required opinions from the Departments of Treasury, Commerce, and State.

DATED:  May 4, 2014

                                    Respectfully submitted,

                                    */s/ Richard J. Vacura*
                                    _____
                                    Richard J. Vacura
                                    MORRISON & FOERSTER LLP
                                    1650 Tysons Blvd., Suite 400
                                    McLean, VA 22102
                                    (703) 760-7764
                                    (703) 760-7777 (fax)
                                    rvacura@mofo.com

                                    *Counsel of Record for Plaintiff Space Exploration Technologies Corp.*

Of Counsel:

Pablo A. Nichols
K. Alyse Latour
Catherine L. Chapple

3

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Plaintiff's Response to Defendant's Motion for Clarification and Proposed Order was served on the parties this 4th day of May, 2014, through the Court's electronic filing system.

                                                 /s/ Pablo A. Nichols
                                                 Pablo A. Nichols

sf-3413222