## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### (Bid Protest)

| | |
|---|---|
| Space Exploration Technologies Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>United States,<br><br>      Defendant,<br><br>and<br><br>United Launch Services, LLC,<br><br>      Defendant-Intervenor. | No.  14-354C<br><br>(Judge Braden) |

### UNITED LAUNCH SERVICES, LLC'S REPLY IN SUPPORT OF
### THE MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION

United Launch Services, LLC ("ULS") respectfully submits this reply in support of the United States' Motion to Dissolve the Preliminary Injunction ("Motion").  ULS agrees with the United States that the presence of Bradley T. Smith is not necessary to dissolve the injunction.  The three letters included in the Appendix to that Motion fully satisfy this Court's April 30, 2014 Order ("Order"), and the preliminary injunction should therefore be dissolved by its own terms.  There is no legal basis for the preliminary injunction, and dissolving it will cause no harm whatsoever to Space Exploration Technologies Corporation ("SpaceX").  Meanwhile, the injunction is contrary to the public interest in national security, and keeping it in place will inflict irreparable harm on ULS.

      The Order enjoins the United States Air Force, ULS, and United Launch Alliance, LLC from making any purchases from or payments to NPO Energomash

>until the Court receives the opinion of the United States
>Department of the Treasury, and the United States Department of
>Commerce and United States Department of State, that any such
>purchases or payments will not directly or indirectly contravene
>Executive Order 13,661.

Order at 3.  In response, the United States has submitted letters from each of the three agencies identified in the Order.  The letter from the Department of the Treasury plainly states that

>purchases from and payments to NPO Energomash currently do
>not directly or indirectly contravene Executive Order 13,661.

Appendix at A2.  The letter from the Department of State also plainly states that

>purchases from and payments to NPO Energomash currently do
>not directly or indirectly contravene Executive Order 13,661.

*Id.* at A6.  And the letter from the Department of Commerce states that "[t]he Commerce Department defers to the Departments of the Treasury and State . . . ." *Id.* at A3.  The terms set out in the preliminary injunction have thus been unambiguously satisfied by the pertinent agencies, and the preliminary injunction should be dissolved by its own terms.

Executive Order 13,661 ("E.O. 13,661") provides that the Secretary of the Treasury, in consultation with the Secretary of State, is responsible for its implementation, including the designation of blocked persons.  E.O. 13,661 § 9.  Those very Executive Branch authorities have now confirmed — publicly and in writing — that E.O. 13,661 does not apply, and will not apply unless they so determine and inform the Department of Justice.  Appendix at A2 ("We will inform you promptly should this situation change."), A6 (same).  SpaceX — which admits that it never sought this injunction, and in any event has no private right of action to enforce E.O. 13,661[1] — nevertheless urges this Court to exceed its jurisdiction under the Tucker Act and to

---

[1]     E.O. 13,661 states expressly that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the U.S. … or any other person."  E.O. 13,661 § 10.

interfere with core executive functions involving foreign affairs and implementation of E.O. 13,661 by refusing to accept the authoritative letters of the Executive Branch agencies in charge of the sanctions determinations.  ULS respectfully requests that the Court decline SpaceX's self-serving request, and lift the preliminary injunction.

Lifting the injunction will cause no harm whatsoever to SpaceX.  And because purchases from and payments to NPO Energomash do not contravene E.O. 13,661, there is no public interest that would support leaving the injunction in place.  In fact, the public interest in ensuring that a critical national security program is not disrupted mandates dissolution of the injunction.

Finally, as discussed during the May 6, 2014 teleconference with the Court, the preliminary injunction will, if left in place, inflict irreparable harm on ULS.  Among other things, ULS is a team member on two competitive proposals now pending, and will participate in a number of additional competitive proposals for launch services in the coming weeks and months.  ULS's customers and potential customers demand an extraordinarily high degree of reliability, and the lowest possible risk, when contracting for launch services.  Continued enforcement of the injunction — which has no basis in law and should be dissolved even according to its own terms — will cause potential customers to question ULS's reliability and ability to maintain schedule, because of the uncertainty regarding whether ULS will be able purchase additional Russian engines for future Atlas V launch vehicles.  That concern will, in turn, lead potential customers to downgrade the pending and upcoming proposals for which ULS is a team member.  Unless the preliminary injunction is lifted immediately, and certainty restored to ULS's core business, there is a significant threat that ULS and its team members will unfairly lose these business opportunities.

ULS respectfully requests that the Court immediately dissolve the preliminary injunction, consistent with its April 30, 2014 Order.

Respectfully submitted,

OF COUNSEL:

Steven M. Masiello
Phillip R. Seckman
Christopher W. Myers
Joseph G. Martinez
McKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, Colorado  80202

J. Hunter Bennett
John W. Sorrenti
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006

Michael F. Mason
HOGAN LOVELLS LLP
555 Thirteenth St., N.W.
Washington, D.C. 20004

s/ Jason A. Carey
Jason A. Carey
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7711
(202) 496-7756 (facsimile)
jcarey@mckennalong.com

*Attorney of Record for*
*United Launch Services, LLC*

Dated:  May 7, 2014