# In the United States Court of Federal Claims

No. 14-354 C
Filed: May 8, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., | \* <br> \* <br> \* |
| Plaintiff, | \* <br> \* |
| v. | \* <br> \* |
| THE UNITED STATES, | \* <br> \* |
| Defendant, <br> and | \* <br> \* <br> \* |
| UNITED LAUNCH SERVICES, LLC, | \* <br> \* |
| Defendant-Intervenor. | \* <br> \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER DISSOLVING PRELIMINARY INJUNCTION

On April 30, 2014, the court issued a Preliminary Injunction, pursuant to Rule 65 of the Rules of the United States Court of Federal Claims, that prohibited:

> The United States Air Force and United Launch Services, LLC ("ULS"), a majority owned subsidiary of United Launch Alliance, LLC ("ULA"), and affiliates thereof, . . . from making any purchases from or payment of money to NPO Energomash or any entity, whether governmental, corporate or individual, that is subject to the control of Deputy Prime Minister Rogozin, unless and until the court receives the opinion of the United States Department of the Treasury, and the United States Department of Commerce and United States Department of State, that any such purchases or payments will not directly or indirectly contravene Executive Order 13,661.

Order Issuing Preliminary Injunction, *Space Exploration Technologies Corp. v. United States*, No. 14-354 (Fed. Cl. Apr. 30, 2014), ECF No. 10 (footnote omitted).

On May 6, 2014, the Government filed a Motion To Dissolve Preliminary Injunction, together with: (1) a May 6, 2014 letter from Bradley T. Smith, Chief Counsel (Foreign Assets Control), Office of the General Counsel, United States Department of the Treasury ("Ex. A"); (2) a May 6, 2014 letter from Eileen Albanese, Director, Office of National Security and Technology Transfer Controls, United States Department of Commerce ("Ex. B"); and (3) a May

6, 2014 letter from Mary E. McLeod, Principal Deputy Legal Adviser, United States Department of State ("Ex. C").

These letters collectively explain that, "to the best of [the relevant Department's] knowledge, purchases from and payments to NPO Energomash currently do not directly or indirectly contravene Executive Order 13,661." Ex. A at 2; Ex. C at 2 (same); Ex. B at 1 (explaining that the United States Department of Commerce "defers to the Departments of the Treasury and State regarding whether . . . Deputy Prime Minister Rogozin . . . controls NPO Energomash and if so whether that control contravenes Executive Order 13,661").

On May 6, 2014, Defendant-Intervenor filed a Response to the Government's May 6, 2014 Motion To Dissolve Preliminary Injunction, stating that "United Launch Services, LLC joins in the motion filed by the United States, and respectfully requests that the [c]ourt expeditiously dissolve the April 30, 2014 [P]reliminary [I]njunction." ULS Resp. 1.

On May 7, 2014, Plaintiff filed a Response opposing the Government's Motion To Dissolve Preliminary Injunction. Also on May 7, 2014, Defendant-Intervenor filed a Reply.

On May 8, 2014, the court convened a hearing with the parties to discuss the Government's Motion To Dissolve Preliminary Injunction. That same day, the Government provided the court with an updated version of the letter from Bradley T. Smith, Chief Counsel (Foreign Assets Control), Office of the General Counsel, United States Department of the Treasury ("Ex. D").

Based on the representations made in the May 6 and May 8, 2014 letters by the United States Department of the Treasury, the United States Department of Commerce, and the United States Department of State, the court hereby dissolves the April 30, 2014 Preliminary Injunction. If the Government receives any indication, however, that purchases from or payment of money to NPO Energomash by ULS, ULA, or the United States Air Force will directly or indirectly contravene Executive Order 13,661, the Government will inform the court immediately.

**IT IS SO ORDERED**.

 s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

# Exhibit A



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

May 6, 2014

Timothy P. McIlmail
Senior Trial Counsel
U.S. Department of Justice
Civil Division - Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

    Re:  Preliminary Injunction in *Space Exploration Technologies Corp. v. United States*, No. 14-354C (Fed. Cl.)

Dear Mr. McIlmail:

Thank you for contacting this office concerning the preliminary injunction the United States Court of Federal Claims issued in the above-captioned matter on April 30, 2014. I write to explain this office's views concerning the application of sanctions administered under Executive Order 13661 of March 16, 2014, to certain individuals and entities referenced in the Court's order.

I understand that, among other things, the preliminary injunction prohibits the United States Air Force and United Launch Services, LLC, a majority-owned subsidiary of United Launch Alliance, LLC, from making any purchases or payments of money to NPO Energomash. I understand that the Court issued the injunction based on, at least in part, the apparent relationship between NPO Energomash and Dmitry Rogozin, the Deputy Prime Minister of Russia. Specifically, Deputy Prime Minister Rogozin was listed in the Annex to Executive Order 13661 and appears on the "Specially Designated Nationals and Blocked Persons List," which is administered by the Office of Foreign Assets Control of the Department of the Treasury.

As the result of his listing in the Annex to Executive Order 13661, all property and interests of property of Deputy Prime Minister Rogozin "that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person (including any foreign branch) . . . are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a) (Mar 19, 2014). In addition, Executive Order13661 further provides that, as a result of this action, United States persons are, among other things, prohibited from the "making of any contribution or provision of funds, goods, or services by, to, or for the benefit of" Deputy Prime

A1

Minister Rogozin, as well as receiving "any contribution or provision of funds, goods, or services from" him. *Id.* § 4(a)-(b).

I have reviewed the Court's written preliminary injunction. Based upon the sanctions imposed on Deputy Prime Minister Rogozin, I understand that the Court found that the Executive Order 13661 prohibitions may also apply to NPO Energomash, an entity that allegedly manufactures rocket engines at issue in the above-referenced case. Specifically, the Court noted that the complaint filed by the Plaintiff, Space Exploration Technology, Corp., suggests that Deputy Prime Minister Rogozin controls NPO Energomash. Because of this alleged control, the Court appears to be concerned that the prohibitions in Executive Order 13661 extend to NPO Energomash.

Please be advised that, in our view, control by Deputy Prime Minister Rogozin of NPO Energomash, if true, could be a potential basis for OFAC to block formally the property and interests in property of the company pursuant to Executive Order 13661, particularly under Section 1(a)(ii)(C) of the Order, which authorizes the blocking of property and interests in property of persons "owned or controlled" by a senior official of the Russian Federation Government or by a person whose property and interests in property are blocked under the order. *See* Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a)(ii)(C) (Mar 19, 2014). As we interpret it, however, Executive Order 13661 requires that the Department of the Treasury make an affirmative determination to trigger blocking under the "controlled by" provisions of the order. *See id.* (providing that the Secretary of the Treasury, in consultation with the Secretary of State, must make a determination to trigger the "owned or controlled by" prohibitions). As of today, no such determination has been made with respect to NPO Energomash, nor has OFAC made any determination that the property and interests in property of NPO Engergomash are otherwise blocked pursuant to Executive Order 13661. Therefore, to the best of our knowledge, purchases from and payments to NPO Energomash currently do not directly or indirectly contravene Executive Order 13661. We will inform you promptly should this situation change.

Thank you again for bringing this matter to our attention. Please let us know if we can be of any further assistance.

                                      Sincerely,

                                      Bradley T. Smith
                                      Chief Counsel (Foreign Assets Control)
                                      Office of the General Counsel

# Exhibit B



**UNITED STATES DEPARTMENT OF COMMERCE**
Bureau of Industry and Security
Washington, D.C. 20230

May 6, 2014

Timothy P. McIlmail
Senior Trial Counsel
U.S. Department of Justice
Civil Division - Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Re: Preliminary Injunction in *Space Exploration Technologies Corp. v. United* States, No. 14-354 (Fed. Cl.)

Dear Mr. McIlmail:

Thank you for contacting the Commerce Department concerning the preliminary injunction the United States Court of Federal Claims issued in the above-captioned matter on April 30, 2014. I write to explain the Department's views concerning the application of sanctions administered under Executive Order 13661 of March 17, 2014, to certain individuals and entities referenced in the Court's order.

I understand that, among other things, the preliminary injunction prohibits the United States Air Force and United Launch Services, LLC, a majority-owned subsidiary of United Launch Alliance, LLC, from making any purchases or payments of money to NPO Energomash. I understand that the Court issued the injunction based on, at least in part, the apparent relationship between NPO Energomash and Dmitry Rogozin, the Deputy Prime Minister of Russia. Specifically, Deputy Prime Minister Rogozin was listed in the Annex to Executive Order 13661 and appears on the Treasury Department's "Specially Designated Nationals and Blocked Persons List."

Although the Secretary of the Treasury has designated Deputy Prime Minister Rogozin pursuant to Executive Order 13661, Commerce has not so designated him. The Commerce Department defers to the Departments of the Treasury and State regarding whether the listing of Deputy Prime Minister Rogozin on the Treasury Department's "Specially Designated Nationals and Blocked Persons List" controls NPO Energomash and if so whether that control contravenes Executive Order 13661.



A3

Thank you again for bringing this matter to our attention. Please let us know if we can be of any further assistance.

Sincerely,

Eileen Albanese
Director
Office of National Security and Technology Transfer Controls

# Exhibit C



United States Department of State

Washington, D.C. 20520

May 6, 2014

Timothy P. McIlmail
Senior Trial Counsel
U.S. Department of Justice
Civil Division - Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

      Re:   Preliminary Injunction in *Space Exploration Technologies Corp. v. United States*, No. 14-354C (Fed. Cl.)

Dear Mr. McIlmail:

      Thank you for contacting the Department of State's Office of the Legal Adviser concerning the preliminary injunction the United States Court of Federal Claims issued in the above-captioned matter on April 30, 2014. I write to explain this office's views concerning application of sanctions administered under Executive Order 13661 of March 17, 2014 (E.O. 13661), to certain individuals and entities referenced in the Court's order. Specifically, I write to confirm that E.O. 13661 does not provide for the automatic blocking of an entity based purely on a designated individual's control of the entity. Instead, such entities may be blocked if affirmatively designated by the Department of Treasury, in consultation with the Department of State. As of the date of this letter, NPO Energomash has not been affirmatively designated under E.O. 13661.

      I understand that the preliminary injunction prohibits the United States Air Force and United Launch Services, LLC, a majority-owned subsidiary of United Launch Alliance, LLC, from making any purchases or payments of money to NPO Energomash. I understand that the Court issued the injunction based on, at least in part, the alleged relationship between NPO Energomash and Dmitry Rogozin, the Deputy Prime Minister of Russia. Specifically, Deputy Prime Minister Rogozin was listed in the Annex to E.O. 13661 and appears on the "Specially Designation Nationals and Blocked Persons List," which is administered by the Office of Foreign Assets Control (OFAC) of the Department of the Treasury.

      As a result of his listing in the Annex to E.O. 13661, all property and interests of property of Deputy Prime Minister Rogozin "that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person (including any foreign branch) . . . are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a) (Mar 19, 2014). In addition, E.O. 13661 further provides that, as a result of this designation, United States persons are, among other things, prohibited from the "making of any contribution

A5

or provision of funds, goods, or services by, to, or for the benefit of" Deputy Prime Minister Rogozin, as well as receiving "any contribution or provision of funds, goods, or services from" him. *Id.* § 4(a)-(b).

I have reviewed the Court's written preliminary injunction order. Based upon Deputy Prime Minister Rogozin's status as a Specially Designated National, I understand that the Court found that E.O. 13361 prohibitions may also apply to NPO Energomash, an entity that allegedly manufactures rocket engines at issue in the above-referenced case. Specifically, the Court noted that the complaint filed by the Plaintiff, Space Exploration Technology, Corp., suggests that Deputy Prime Minister Rogozin controls NPO Energomash. Because of this alleged control, the Court appears to be concerned that the prohibitions in E.O. 13661 may automatically extend to NPO Energomash.

Please be advised that, control by Deputy Prime Minister Rogozin's of NPO Energomash, if true, could be a potential basis for the Department of the Treasury, in consultation with the Department of State, to block the property and interests in property of NPO Energomash pursuant to E.O. 13661, particularly under Section 1(a)(ii)(C) of the E.O., which authorizes the blocking of property and interests in property of persons "owned or controlled" by a senior official of the Russian Federation Government or by a person whose property and interests in property are blocked under the order. *See* Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a)(ii)(C) (Mar 19, 2014). However, E.O. 13661 requires that the Department of the Treasury, in consultation with the Department of State, make an affirmative determination to trigger blocking under the "controlled by" provisions of the order. *See id.* (providing that the Secretary of the Treasury, in consultation with the Secretary of State, must make a determination to trigger the "owned or controlled by" prohibitions). As of the date of this letter, no such determination has been made with respect to NPO Energomash. I also understand that OFAC also has not made any determination that the property and interests in property of NPO Energomash are otherwise blocked pursuant to E.O. 13661. Therefore, to the best of our knowledge, purchases from and payments to NPO Energomash currently do not contravene E.O. 13661. We will inform you promptly should this situation change.

Thank you again for bringing this matter to our attention. Please let us know if we can be of any further assistance.

Sincerely,

Mary E. McLeod

Mary E. McLeod
Principal Deputy Legal Adviser
U.S. Department of State

2

A6

# Exhibit D



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

May 8, 2014

The Honorable Susan G. Braden
The United States Court of Federal Claims
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439

    Re:  Preliminary Injunction in *Space Exploration Technologies Corp. v. United States*, No. 14-354C (Fed. Cl.)

Dear Judge Braden:

At your request, I am providing this opinion concerning the preliminary injunction the United States Court of Federal Claims issued in the above-captioned matter on April 30, 2014. I write to explain this office's views concerning the application of sanctions administered under Executive Order 13661 of March 16, 2014, to certain individuals and entities referenced in the Court's order.

I understand that, among other things, the preliminary injunction prohibits the United States Air Force and United Launch Services, LLC, a majority-owned subsidiary of United Launch Alliance, LLC, from making any purchases or payments of money to NPO Energomash. I understand that the Court issued the injunction based on, at least in part, the apparent relationship between NPO Energomash and Dmitry Rogozin, the Deputy Prime Minister of Russia. Specifically, Deputy Prime Minister Rogozin was listed in the Annex to Executive Order 13661 and appears on the "Specially Designated Nationals and Blocked Persons List," which is administered by the Office of Foreign Assets Control of the Department of the Treasury.

As the result of his listing in the Annex to Executive Order 13661, all property and interests of property of Deputy Prime Minister Rogozin "that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person (including any foreign branch) . . . are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a) (Mar 19, 2014). In addition, Executive Order13661 further provides that, as a result of this action, United States persons are, among other things, prohibited from the "making of any contribution or provision of funds, goods, or services by, to, or for the benefit of" Deputy Prime Minister Rogozin, as well as receiving "any contribution or provision of funds, goods, or services from" him. *Id.* § 4(a)-(b).

I have reviewed the Court's written preliminary injunction. Based upon the sanctions imposed on Deputy Prime Minister Rogozin, I understand that the Court found that the Executive Order 13661 prohibitions may also apply to NPO Energomash, an entity that allegedly manufactures rocket engines at issue in the above-referenced case. Specifically, the Court noted that the complaint filed by the Plaintiff, Space Exploration Technology, Corp., suggests that Deputy Prime Minister Rogozin controls NPO Energomash. Because of this alleged control, the Court appears to be concerned that the prohibitions in Executive Order 13661 extend to NPO Energomash.

Please be advised that, in our view, control by Deputy Prime Minister Rogozin of NPO Energomash, if true, could be a potential basis for OFAC to block formally the property and interests in property of the company pursuant to Executive Order 13661, particularly under Section 1(a)(ii)(C) of the Order, which authorizes the blocking of property and interests in property of persons "owned or controlled" by a senior official of the Russian Federation Government or by a person whose property and interests in property are blocked under the order. *See* Exec. Order 13661, 79 Fed. Reg. 15,535 § 1(a)(ii)(C) (Mar 19, 2014). As we interpret it, however, Executive Order 13661 requires that the Department of the Treasury make an affirmative determination to trigger blocking under the "controlled by" provisions of the order. *See id.* (providing that the Secretary of the Treasury, in consultation with the Secretary of State, must make a determination to trigger the "owned or controlled by" prohibitions). As of today, no such determination has been made with respect to NPO Energomash, nor has OFAC made any determination that the property and interests in property of NPO Engergomash are otherwise blocked pursuant to Executive Order 13661. Therefore, to the best of our knowledge, purchases from and payments to NPO Energomash currently do not directly or indirectly contravene Executive Order 13661. We will inform you through the Department of Justice promptly should this situation change.

Thank you for providing us the chance to advise you on this matter.

Sincerely,

Bradley T. Smith
Chief Counsel (Foreign Assets Control)
Office of the General Counsel